

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AMADO RUBIO-GALLEGO, | |
| Petitioner, | Case No. 3:09-CV-00451-RCJ-(VPC) |
| vs. | **ORDER** |
| STATE OF NEVADA, et al., | |
| Respondents. | |

The Court directed Petitioner to show cause why this action should not be dismissed as untimely. Order (#7). Petitioner has submitted a Motion to Show Cause (#8). After reviewing it, the Court concludes that this action is untimely and dismisses it.

Petitioner first argues that his state habeas corpus petition should toll the period of limitation pursuant to 28 U.S.C. § 2244(d)(2). The Court assumed as much in its previous Order (#7) and did not count the time spent between April 11, 2005, and July 25, 2006.

Petitioner also argues that his prior federal habeas corpus petition should toll the period of limitation pursuant to 28 U.S.C. § 2244(d)(2) because he is ignorant of <u>Duncan v. Walker</u>, 533 U.S. 167 (2001), which holds that federal habeas corpus petitions do not toll the period of limitation. <u>Duncan</u> was decided before Petitioner was convicted. Although <u>pro se</u> petitioners have some leeway in how they plead their cases, they are held to the same standard as everyone else in their constructive or actual knowledge of the law. The time that Petitioner spent on his prior federal habeas corpus petition, Case No. 2:07-CV-00262-KJD-(LRL), is not tolled. Petitioner has failed to demonstrate that this action is timely.

Furthermore, even if the Court were to agree with Petitioner, this action still would be untimely. Petitioner's judgment of conviction became final on May 13, 2004. Three hundred thirty-three (333) days passed before Petitioner filed his state habeas corpus petition on April 11, 2005. The period of limitation was tolled until conclusion of that state-court action on July 25, 2006. Two hundred nineteen (219) days then passed before Petitioner filed his first federal habeas corpus petition on March 1, 2007.[1] If the Court accepts Petitioner's arguments, that action was pending until July 14, 2009, when the Court told him to stop filing documents long after the action had been closed. Thirty (30) days then passed before the Court received Petitioner's second federal habeas corpus petition. The total amount of non-tolled time would be five hundred eighty-two (582) days. Even giving Petitioner every benefit of the doubt, this action still would be untimely.

IT IS THEREFORE ORDERED that Petitioner's Motion to Show Cause (#8) is **DENIED**.

IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice as untimely. The Clerk of the Court shall enter judgment accordingly.

Dated: *11-30-09*.

_____
ROBERT C. JONES
United States District Judge

---

[1] The period of limitation would have expired on August 26, 2006, more than six months before Petitioner filed his first federal habeas corpus petition. Although timeliness was not the reason why the Court dismissed that action, it appears to have been untimely, too.

-2-